UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARASHA ISAAC** | **CIVIL ACTION** |
| **VERSUS** | **NO:    15-5772** |
| **WAL-MART STORES, INC.** | **UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

### ORDER & REASONS

Before the Court is **Defendant's Rule 12(b)(6) Motion to Dismiss (R. Doc. 12)** filed by Wal-Mart Stores, Inc. seeking an order from the Court to dismiss Plaintiff's suit pursuant to Federal Rule of Civil Procedure 12(b)(6) for a failure to state a claim upon which relief may be granted. The motion is opposed. R. Doc. 16. The motion was submitted on January 27, 2016, and decided on the briefs.

**I.    Factual Background**

Carasha Isaac filed this lawsuit attesting that she was discriminated against based on her gender with respect to her compensation and promotion to a management track position in the vision department of various Wal-Mart stores. R. Doc. 1, p. 3.[1] Isaac contends that despite repeatedly expressing interest in pursuing a manager position, she was not promoted. *Id.* at 4. She contends that during this period, when there was no assigned manager that she ran the department. She complains that she trained men who were promoted to the positions she sought. *Id.* at 4-5. She also complains that men who worked in the department were paid more per hour than her and that when she was promoted to assistant manager her boss indicated that it was due to a lawsuit. *Id.* at

---

[1]Isaac was previously a claimant in the *Dukes v. Wal-Mart* class action which was ultimately reversed and the class was decertified by the United States Supreme Court. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2001). The statute of limitation for filing her claim was extended to May 25, 2012. *See* R. Doc. 16-6, p. 2. The parties concede that her EEOC charge was filed timely.

5. She therefore filed the instant lawsuit seeking damages for past and present loss of income, mental anguish, emotional distress, humiliation, embarrassment, loss of reputation, and attorney's fees and costs. *Id.* at 6.

As to the instant motion, Wal-Mart seeks dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) because she fails to state a claim upon which relief may be granted because: (1) her EEOC charge did not set forth sufficient factual allegations such that she failed to exhaust the available administrative remedies; (2) allegations in her complaint are outside the scope of her EEOC charge; (3) her failure to promote claim is now time-barred because the *Dukes* district court disallowed any such promotion claim for which "objective application data" does not exist; and (4) her attempt to incorporate "similarly situated females" as a class allegation is procedurally barred and untimely. R. Doc. 12.

In opposition, Isaac contends that: (1) her EEOC charge placed the employer on notice of her claims; (2) the claims in her EEOC charge need not mirror the claims in her complaint; and (3) her failure to promote claims are timely because the *Dukes* district court certified all promotion claims and only limited the remedy of some promotion claims to injunctive and declaratory relief where "objective application data" does not exist.  R. Doc. 16.

## II.  Standard of Review

Under Rule 12(b)(6), the Court may dismiss a complaint if it lacks jurisdiction over the subject matter or for failure to state a claim upon which any relief may be granted. *See* Fed.R.Civ.P. 12(b)(1). The same standard is applied for a motion to dismiss brought under either Rule 12(b)(1) for lack of jurisdiction or under Rule 12(b)(6) for failure to state a claim for which relief can be granted. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "[t]he plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted).

In determining whether a complaint states a claim that is plausible on its face, the Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, as mentioned above, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In order for a claim to be plausible at the pleading stage, the complaint need not strike

3

the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged. *See id*.

### III.    Analysis

#### A.    Whether Plaintiff's Gender Discrimination Claims are Procedurally Barred

Defendant argues that Plaintiff's claims are barred procedurally because she did not exhaust her administrative remedies and she failed to specifically plead acts of discrimination in her EEOC charge. R. Doc. 12-1, p. 10. Wal-Mart contends that she did not identify the specific individuals who received favorable treatment, the alleged unlawful act, when they occurred, or the person who made the promotional decision. *Id.* at 11. Defendant relies on *National Railroad Passenger Corp. v. Morgan,* 536 US 110 (2002) for the proposition that in order to exhaust her administrative remedies, the Plaintiff must timely allege each separate and distinct discriminatory act in her charge. *Id.* [2]

In response, Plaintiff contends that she exhausted her administrative remedies because the Fifth Circuit does not require her to "recite specific incantation" or "allege a *prima facie* case before the EEOC." R. Doc. 16, p. 10. Further, Plaintiff contends that her EEOC charge contained sufficient information, including the stores that she worked, her dates of employment, her positions, and that she was not paid nor promoted on par with her male counterparts. Moreover, in line with the EEOC's regulations, Plaintiff states that her charge was "in writing, signed, and verified." *Id.*

---

[2] This case is inapplicable to the facts at-hand. *National Railroad Passenger* involved whether claims were filed timely and not the specificity of an EEOC charge. *National Railroad Passenger Corp. v. Morgan*, 536 US 105 (2002). The Supreme Court held that "a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period – 180 or 300 days – set forth in 42 U.S.C. § 2000e–5(e)(1)." *Id.* at 122. The Court held further that "[a] charge alleging a hostile work environment claim, however, will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period. *Id.*

The filing of an EEOC charge is a prerequisite to bringing a Title VII action. *Brooks v. Firestone Polymers, LLC*, 70 F. Supp. 3d 816, 839 (E.D. Tex. 2014), *see also Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970). A condition precedent to bringing a Title VII action in federal court is the exhaustion of available administrative remedies. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Exhaustion occurs when an individual files a timely charge of discrimination with the EEOC and subsequently receives a statutory notice from the EEOC of the right to sue. *Id.* at 379. If, by looking to either the factual allegations or the checked boxes, a specific type of discrimination claim could reasonably be expected to grow out of the allegations in an EEOC charge, then the plaintiff has exhausted her administrative remedies. *See Briggs v. DART Regional Rail Right of Way Co.*, 2005 WL 3133505 (N.D.Tex. Nov. 23, 2005). The Fifth Circuit has stated that "the crucial element of a charge of discrimination is the factual statement contained therein." *Sanchez*, 431 F.2d at 462.[3]

The primary purpose of the EEOC charge is to provide notice of charges to respondents, to allow them to preserve evidence and to facilitate the voluntary compliance and conciliation functions of the EEOC. *Manning v. Chevron Chemical Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003). Thus, the Fifth Circuit does not require that a Title VII plaintiff "check a certain box or recite a specific incantation to exhaust his or her administrative remedies before the proper agency." *Pacheco v. Mineta*, 448 F.3d 783, 791 (5th Cir. 2006). "Nor does [the Fifth Circuit] require, for purposes of exhaustion, that a plaintiff allege a *prima face* case before the EEOC." *Id.*

---

[3]Moreover, "[a] charge of discrimination must be filed "in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e–5(b). The EEOC's regulations also require that a charge be in writing, signed, and verified. 29 C.F.R. §§ 1601.9, 1601.3(a). This requirement is designed to protect employers from the filing of frivolous claims. *Price v. Southwestern Bell Telephone Co.,* 687 F.2d 74 (5th Cir. 1982). In addition, to be sufficient a charge "should contain . . . [t]he full name and address of the person against whom the charge is made" and "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." *Id.* § 1601.12(a). A sufficient charge will "identify the parties, and [ ] describe generally the [complained of] action or practices." *Id.* § 1601.12(b).

Instead, the plaintiff's administrative charge must be read somewhat broadly, in a fact-specific inquiry into what EEOC investigations it can reasonably be expected to trigger. *Id.* A plaintiff only needs to plead facts sufficient to inform the defendant of the claims that the plaintiff intends to purse. *Ollie v. Plano Indep. School Dist.*, 565 F.Supp.2d 740 (E.D. Tex. 2007)(citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 511–12 (2002)). Having outlined the pleading requirement, the Court will now examine Plaintiff's EEOC charge.

Here, Plaintiff's EEOC charge states that she is a former member of the class in *Dukes* and that her charge was timely filed pursuant to deadlines set by the district court after the Supreme Court decertified the class. The charge listed the stores that she worked during her employment with Defendant and provided her start and end dates. Plaintiff also checked the boxes for "wages" "promotion" and "training" in response to "State which discriminatory practices you were subject to." R. Doc. 16-7, p. 2. The charge then includes a description of her claims.

For her wage claim, Plaintiff states during her employment she was paid less than her male counterparts with equal or less experience. She cites three examples: (1) an unidentified male employee, who worked at the vision center for a month longer than her, told her that he made two dollars more per hour; (2) an unidentified male employee made four dollars more per hour when he was in the manager training program; and (3) after she became a salaried employee a male employee named Chris, whose last name is unknown, was making six thousand more than her. R. Doc. 16-7, p. 2.

Plaintiff also states that Wal-Mart engaged in discriminatory practices regarding promotions. She states that she began "trying for a promotion in 2006," that she was not allowed to apply for a promotion, and that she was only promoted to assistant manager after her district

6

manager told her that because of the *Dukes* lawsuit Wal-Mart needed more women and minorities in management. *Id.*

Based on the above case law, the Plaintiff has sufficiently plead facts to inform the Defendant of the claims she intends to pursue. Plaintiff's charge was in writing, signed, verified and included a concise statement of the facts. Specifically, the charge identified the stores in which she worked, her dates of employment, her pay rate when she was both an hourly employee and a salaried employee, and the type of discrimination at issue (pay and/or promotion). Therefore, Isaac's claims are not procedurally barred.

> B. **Whether Plaintiff's Complaint Asserts Factual Allegations that are Outside the Scope of her EEOC Charge**

Defendant next contends that Plaintiff's complaint identifies male employees that were not mentioned previously in her EEOC charge. R. Doc. 12-1, p. 13. In particular, Defendant argues that Plaintiff's complaint identifies Warren Johnson and Steven Honroe as males who were promoted over her and that Steven Williams and Chris Simms were paid wages more than her. Further, Defendant contends that the EEOC charge and the complaint contain conflicting dates of alleged discriminatory acts. *Id.* 13-14.

In opposition, Plaintiff maintains that the claims in her complaint do not need to mirror the claims in her EEOC charge. R. Doc. 16, p. 11. Plaintiff contends that factual allegations claims only need to arise out of the scope of the EEOC investigation that are reasonably expected to grow out of the charge of discrimination. Plaintiff argues that the identities of the individuals only provide additional details of the claims in her EEOC charge.

A Title VII suit may "extend as far as, but not further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge." *Simmons–Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, (5th Cir. 2013)(quoting *Fine v. GAF Chem. Corp.*, 995

F.2d 576, 578 (5th Cir. 1993)). In other words, the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.*

Here, Plaintiff merely provides additional facts in her complaint that were not in her EEOC charge. In particular, she identifies the individuals mentioned in her charge who were allegedly promoted over her and who received higher wages for the same work. *See* R. Doc. 1, p. 4-5. This is not an issue in which the Plaintiff is attempting to assert wholly new claims and the Court must determine whether the new allegations were reasonably expected to grow out of the EEOC charge. The additional information that Plaintiff provides directly relates to her EEOC charge in which she alleges a failure to promote based on her gender (female) and equal pay violations. *Id.* Accordingly, this request is denied.

### C. Whether Plaintiff's Failure to Promote Claim is Untimely

Defendant argues that Plaintiff's failure to promote claim is time-barred because failure to promote claims for which "objective application data" does not exist was not previously certified as a part of the class action. R. Doc. 12-1, p. 12. Thus, since the *Dukes* district court issued its order on June 21, 2004, any uncertified claims would have prescribed, at the latest, 300 days later on April 18, 2005. Defendant contends that Plaintiff's failure to promote claim is now time barred unless she can produce "objective application data." *Id.*

In opposition, Plaintiff argues that the *Dukes* district court did not decline to certify promotion claims where "no objective data exits."[4] Instead, the Court certified all promotion claims and limited the remedy to injunctive and declaratory relief when there was no "objective

---

[4] Defendant's motion does not define "objective application data" as it relates to promotion claim. However, the Court's research reveals that objective application data refers to data derived from applying for promotion through Wal-Mart's formal system. *See Dukes v. Walmart,* 222 F.R.D. 137, 182 (N.D. Cal. 2004); *Catlin v. Wal-Mart Stores, Inc, 2015 WL 496467*, at *8 (D. Minn. Aug. 19, 2015).

data." R. Doc. 16, p. 13. Plaintiff also contends that Defendants are estopped from arguing that the promotion claim were not certified as the issue was presented before the United States District Court for the District of Minnesota and the Court held that the *Dukes* district court did not decline to certify promotion claims that lacked objective data. *See Catlin v. Wal-Mart Stores, Inc*, 2015 WL 4964671 (D. Minn. Aug. 19, 2015). Plaintiff maintains that Defendant is imposing an evidentiary standard that goes beyond the realm of a motion to dismiss.

In the underlying *Dukes* litigation, the Court allowed the failure to promote claims where there was no data to support them but limited the recovery. The *Dukes* district court explicitly stated:

> The Court certifies the following class for purposes of liability, injunctive and declaratory relief, punitive damages, and lost pay, *except* that **class members for whom there is no available objective data documenting their interest in challenged promotions shall be limited to injunctive and declaratory relief with respect to plaintiffs' promotion claim**: All women employed at any Wal–Mart domestic retail store at any time since December 26, 1998, who have been or may be subjected to Wal–Mart's challenged pay and management track promotions policies and practices.

*Dukes*, 222 F.R.D. at 188 (emphasis added).

With respect to Plaintiff's available remedies, taking her allegations as true, she alleges that: she expressed interest in becoming a manager and entering into the manager in training program to the district manager and a human resources employee, she followed their instructions for seeking a promotion, and despite her interest and qualifications she was passed over for males who were not as qualified as her. R. Doc. 1, p. 4. This sufficiently supports the inference that promotion opportunities were posted[5] and that her interest may have been tracked in Defendant's

---

[5] *See Dukes*, 222 F.R.D. at 182 (examining Wal-Mart job posting system)("Where, however, promotional opportunities were posted, Wal–Mart's advanced personnel system does contain objective applicant data documenting which class members were interested in each such promotion. In particular, two corporate electronic databases— known as Job Posting Data for hourly job vacancies, and Management Career Selection (MCS) for salaried vacancies – contain the identities of the individual applicants for posted positions. Thus, with respect to all posted positions, the Court finds that it can readily identify through objective data those class members who were both qualified and

system for which objective data would exist. Thus, at this early juncture of litigation, Plaintiff's claim does not fall within the universe of claims that the *Dukes* district court limited. Accordingly, Plaintiff's allegations are not precluded by the *Dukes* district court's analysis and are sufficient at this state in the proceeding to state a claim upon which relief may be granted.

### D. Whether Plaintiff's Attempt to Incorporate "Similarly Situated Females" as a Class Allegation is Procedurally Barred and Untimely

Defendant argues that to the extent Plaintiff's EEOC charge and her complaint allege that other "similarly situated females were discriminated on the basis of sex" those claims are procedurally barred and untimely. R. Doc. 12-1, p. 12. Defendant argues that class allegations were specifically rejected by the Supreme Court and that the *Dukes* district court extended tolling for individual claims of discrimination, not class claims. *Id.* Plaintiff's opposition does not address this issue.

Although Plaintiff's EEOC charge broadly refers to "female employees who were similarly situated," her complaint does not make such a reference. R. Doc. 12-2, p. 3. A class action is commenced by the filing of a complaint seeking class certification in the district court. *See e.g.*, *Mabary v. Hometown Bank, N.A.,* 276 F.R.D. 196, 201 (S.D.Tex. 2011). Plaintiff filed her complaint as an individual and does not include any reference to a class action in her complaint filed in this court. Accordingly, Defendant's motion is denied on this issue.

---

interested in promotional opportunities – and thus were potential victims of any proven discriminatory policy. Accordingly, for this subset of the class, the Court is confident that it could manageably determine which class members would be eligible to share in a formula-derived, lump sum backpay award to the class.") (internal citation omitted).

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the **Defendant's Rule 12(b)(6) Motion to Dismiss (R. Doc. 12)** is **DENIED**.

New Orleans, Louisiana, this 26th day of April 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the **Defendant's Rule 12(b)(6) Motion to Dismiss (R. Doc. 12)** is **DENIED**.

New Orleans, Louisiana, this 26th day of April 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**